IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 09-cv-00221-PAB

OLIVER RAY SLEDGE,

Applicant,

v.

J.M. WILNER, Warden, FCI- Florence,

Respondent.

---

**ORDER**

---

This matter is before the Court on Applicant Oliver Ray Sledge's *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Docket No. 3]. Respondent filed a Response to the Application [Docket No. 17], and Applicant filed a Traverse [Docket No. 20]. After reviewing the record, including the Application, the Response, and the Traverse, I conclude that the Application should be denied and the case dismissed.

## I. Background

Applicant is a prisoner in the custody of the Federal Bureau of Prisons ("BOP") at the Federal Correctional Institution in Florence, Colorado ("FCI-Florence"). On May 25, 2007, in the United States District Court for the Western District of Washington, Applicant was sentenced to a 96-month term of imprisonment for bank robbery in violation of 18 U.S.C. § 2113(a). Application, Ex. A. According to Respondent,

Applicant's projected release date is November 10, 2012. Response, Attach. A, Declaration of Dr. Robert Krick ("Krick Decl.") ¶ 6.[1]

Applicant asserts that, once he arrived at FCI-Florence to begin serving his sentence, he applied to participate in the BOP's Residential Drug Abuse Treatment Program ("RDAP"). Successful participation in the RDAP may result in financial awards, consideration for the maximum time at a community corrections facility, and preferred living quarters. 28 C.F.R. § 550.57. In addition, pursuant to 18 U.S.C. § 3621(e)(2)(B), the BOP may grant a sentence reduction of up to one year to inmates convicted of "nonviolent offenses" who successfully complete the RDAP. To be eligible for participation in the RDAP, an inmate must have a verifiable, documented substance abuse problem as determined by the BOP and be willing to participate in the RDAP. 18 U.S.C. § 3621(e)(5)(B); 28 C.F.R. § 550.56(a).

While participation in the RDAP is available to all inmates with a verifiable substance abuse problem, certain categories of inmates are not eligible for early release. Krick Decl. ¶ 9. BOP Program Statement 5162.04 provides that an inmate who has committed a "violent" offense is not eligible for early release under the RDAP. *Id.* Attach. A. The BOP considers a conviction for bank robbery under 18 U.S.C. § 2113(a) to be a crime of violence under all circumstances. *Id.* at 5. On June 27, 2008, the BOP informed Applicant that he was eligible for participation in the RDAP, but

---

[1] Dr. Krick is the Drug Abuse Program Coordinator at FCI-Florence, Krick Decl., ¶ 1, and through his job duties is familiar with FCI-Florence's administration of the RDAP. *Id.*, ¶ 2.

not eligible for the early release incentive because of his bank robbery conviction. Krick Decl. Attach. B.[2]

Applicant asserts that the BOP erred in denying him eligibility for the early release incentive because the BOP found him eligible for early release during a prior incarceration for bank robbery. Memorandum in Support of Application [Docket No. 4] at 3. He asserts that the BOP is bound by that earlier decision because of "fairplay [sic] and grandfathered, ex post facto, estoppel . . ." *Id.* at 4. He further asserts that he had "settled expectations" that he would be eligible for the RDAP should he be incarcerated again. *Id.* at 3. He also challenges the "procedural validity" of the "program's policy" under the "A.P.A.," which the Court interprets to be a challenge to 28 C.F.R. § 550.58(a) and BOP Program Statement 5162.04 under the Administrative Procedure Act ("APA"), 5 U.S.C. ¶ 702 *et seq*. *Id.* at 4. He seeks a reevaluation of his eligibility for early release under the RDAP. *Id.* at 5-6.

Respondent asserts that the Court lacks jurisdiction over Applicant's habeas claims. Respondent also contends that the regulation is valid and does not violate the APA. Finally, Respondent argues that Applicant does not have the right to early release on his sentence. Respondent believes that Applicant has exhausted his administrative remedies. Preliminary Response to Application for Writ of Habeas Corpus [Docket No. 11] at 2.

---

[2] On August 1, 2009, Applicant signed an agreement to participate in the RDAP. Krick Decl., Attach. C.

## II. Analysis

### A. Jurisdiction

Respondent asserts that the Application should be dismissed because Applicant's claims are not properly brought pursuant to 28 U.S.C. § 2241, but that instead he must file a challenge pursuant to the APA. This argument is not well taken. The APA does not apply to challenges under 18 U.S.C. § 3621. *See* 18 U.S.C. § 3625; *see also Redmon v. Wiley*, No. 08-1288, 2009 WL 3262020, at *4 (10th Cir. Oct. 13, 2009) (unpublished decision). Moreover, this Court has already ruled that Applicant cannot pursue an APA claim here. *See Sledge v. Wilner*, No. 09-cv-2454-BNB, 2009 WL 4264373, at *2 (D. Colo. Nov. 25, 2009) (unpublished decision). Therefore, the remedy suggested by Respondent is not available to Applicant.

Title 28, United States Code, Section 2241 addresses allegations that an inmate "is in custody in violation of the Constitution or law or treaties of the United States." 28 U.S.C. § 2241(c)(3). To this end, "[p]etitions under § 2241 are used to attack the execution of a sentence . . . [and] the fact or duration of a prisoner's confinement . . . ." *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811-12 (10th Cir. 1997) (citations omitted). For example, claims involving revocation of good time credits or other sentence shortening issues are properly asserted pursuant to Section 2241. *Id.* Although Applicant's admission into the RDAP has "only the potential for a discretionary sentence reduction," *Beckley v. Miner*, 125 F. App'x 385, 388 (3rd Cir. 2005), his Application challenges the execution of his sentence, a subject within the ambit of 28

U.S.C. § 2241.[3] *See Pitts v. Zych*, No. 2:09-12329, 2009 WL 1803208, at *1 (E.D. Mich. June 19, 2009) (unpublished decision); *Raynor v. Shartle*, No. 4:08-CV-1688, 2009 WL 1661913, at *2 (N.D. Ohio June 15, 2009) (unpublished decision); *Fuentes v. Samuels*, No. 07-2336 (RBK), 2008 WL 442211, at *5 (D. N.J. Feb. 14, 2008) (unpublished decision); *Cushenberry v. Fed. Medical Ctr.*, 530 F. Supp. 2d 908, 911 (E.D. Ky. 2008). Accordingly, it is proper for this Court to exercise jurisdiction over Applicant's claims.

B. BOP Regulations Regarding Bank Robbery Classification

Judicial review of the BOP's decision here is limited. When reviewing RDAP eligibility decisions, the Court may only examine whether the BOP exceeded its statutory authority under 18 U.S.C. § 3621(e)(2). *See Redmon*, 2009 WL 3262020, at *4; *Hunnicutt v. Hawk*, 229 F.3d 997, 1000 (10th Cir. 2000); *Fristoe v. Thompson*, 144 F.3d 627, 630-31 (10th Cir. 1998). Title 18, United States Code, Section 3621(e)(2)(B) provides that "[t]he period a prisoner convicted of a *nonviolent offense* remains in custody after successfully completing [RDAP] may be reduced by [BOP], but such reduction may not be more than one year from the term the prisoner may otherwise serve." (Emphasis supplied). The statute does not define the term "nonviolent offense." *Redmon*, 2009 WL 3262020 at *4.

[3]The Tenth Circuit Court of Appeals has not issued a decision directly addressing the jurisdictional issue in RDAP cases. In dicta, the Tenth Circuit has noted in one case that the Petitioners "filed these actions, properly deemed habeas petitions under 28 U.S.C. § 2241," to challenge the validity of a BOP RDAP-related regulation. *Miller v. Gallegos*, 125 F. App'x 934, 936 (10th Cir. 2005).

An implementing regulation, issued on May 25, 1995, provided that an inmate whose "current offense is determined to be a crime of violence as defined in 18 U.S.C. § 924(c)(3)" was ineligible for the sentence reduction under § 3621(e). 60 Fed. Reg. 27692, 27695. On April 23, 1996 the BOP issued a Notice clarifying the definition of "crime of violence" for purposes of 18 U.S.C. § 3621. The BOP stated that:

> With regard to the specific crime of bank robbery, the offense should be considered a crime of violence . . . since, due to the circumstances surrounding bank robberies, the offense involves an explicit or implicit threat of force and thus has as an element the 'threatened use of physical force against the person or property of another.'

*Whipple v. Herrera*, 69 F. Supp. 2d 1310, 1314 (D. Colo. 1999) (citing BOP Change Notice CN-01). On October 9, 1997, the BOP issued Program Statement 5162.04, an interim rule, which enumerated the offenses that the BOP considered violent for RDAP purposes. The final rule, identical to the 1997 interim rule, was promulgated in December 2000. 65 Fed. Reg. 80745, 80747-748 (Dec. 22, 2000), codified at 28 C.F.R. § 550.58(a).[4] *See, generally, Handley v. Chapman*, 587 F.3d 273, 277-279 (5th Cir. 2009).

Applicant asserts that the BOP should have applied the RDAP requirements in effect in May 1995 to his RDAP application in June 2008. In May 1995, Applicant was serving a 100-month federal prison sentence after pleading guilty to six counts of bank robbery in violation of 18 U.S.C. § 2113(a). While imprisoned on those offenses, Applicant filed a petition for habeas corpus in the Eastern District of California arguing

---

[4]This regulation is no longer in effect. It was replaced by 28 C.F.R. § 550.55(b), effective in March 2009. Under § 550.55(b), a bank robbery committed in violation of 18 U.S.C. § 2113(a) is always a crime of violence for purposes of the RDAP statute.

that the BOP erred in applying its new regulation regarding unarmed bank robberies. The district court held that the BOP's new regulation providing that any bank robbery conviction under 18 U.S.C. 2113(a) made an inmate ineligible for RDAP participation could not be retroactively applied to Applicant because he had commenced his treatment in the RDAP before the new regulation was enacted. *See Sledge v. Andrews*, No. CIV F 00-5059 OWW SMS (E.D. Cal. Apr. 13, 2001). The Court found that Applicant was eligible for the RDAP under the regulations applicable to him and ordered that his sentence be reduced by one year pursuant to 18 U.S.C. § 3621(e). *See Sledge v. Andrews*, CIV F 00-5059 OWW SMS P (E.D. Cal. May 10, 2001).[5]

Based on these decisions, Applicant asserts that he had "settled expectations" that he would be placed in the RDAP for any unarmed bank robbery committed by him in the future. Applicant asserts that intervening BOP program changes cannot be applied retroactively to prisoners who have already been found eligible for the RDAP. In support of his position, Applicant cites *Cort v. Crabtree*, 113 F.3d 1081 (9th Cir. 1997), which held that inmates convicted of unarmed bank robberies cannot be "notified of early release eligibility [under § 3621(e)(2)(B)] but then denied release based on Bureau of Prisons rule changes that [are] unconstitutionally retroactive." *Dozier v. Daniels*, 139 F. App'x 902, 903 (9th Cir. 2005).

There was, however, no retroactive application of a new regulation in this case. As stated above, the BOP's rule classifying bank robbery as a violent offense for purposes of § 3621(e)(2)(B) analysis took effect in 2000. *See* 28 C.F.R. § 550.58(a).

[5] These court orders are attached to the Application.

Applicant was sentenced in 2007. The BOP may have may retroactively applied a regulation interpreting § 3621 to him in the past, but it has not done so here. Moreover, the BOP's retroactive application of the rule during an earlier sentence did not and could not create a "settled expectation" that if he committed unarmed bank robberies in the future they would be considered "nonviolent." In *Hunnicutt v. Hawk*, 229 F.3d 997 (10th Cir. 2000), the court rejected a similar argument. The petitioner in *Hunnicutt* claimed that the BOP could not, upon reconsideration of his request for early release under § 3621(e)(2)(B), use different criteria than those that the BOP initially applied to his request. *Id.* at 1001. The Tenth Circuit distinguished this argument from *Cort v. Crabtree* as follows: "[I]n contrast to the facts in *Cort*, the amended regulation and Program Statement applied by the BOP upon reconsideration were adopted prior to Mr. Hunnicutt's entry into the RDAP, and he was never told that he was eligible for the early release program." *Id.* As a result, the court held that Hunnicutt "did not lose any vested right, nor did he have any settled expectation of eligibility." *Id.* The same is true here. The BOP's amended regulation and Program Statement were adopted before Applicant entered the RDAP in June 2008, and he was never told that he was eligible for the early release program in connection with his current sentence.

Applicant's APA challenge to 28 C.F.R. § 550.58(a) and BOP Program Statement 5162.04 must also be rejected. First, it is based on his retroactivity argument, which has no merit. Second, Applicant fails to explain why § 550.58(a) and BOP Program Statement 5162.04 lack "procedural validity." Even when read liberally, Applicant's claim under the APA is too vague to base relief upon. Finally, as stated in

*Redmon*, the APA does not apply to 18 U.S.C. § 3621 and therefore Applicant may not use the APA to challenge § 550.58(a) and BOP Program Statement 5162.04, which implemented § 3621. 2009 WL 3262020 at *5.

The BOP did not err in denying Applicant eligibility for early release under the RDAP.

## III. Conclusion

For the reasons stated above, it is

ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Docket No. 3] is denied and this case is dismissed. It is further

ORDERED that there is no basis on which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c).

DATED February 24, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge